UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE FELTZIN, Individually,

    Plaintiff,

vs.                          Case No. 2:16-cv-5367

CAMGNO ENTERPRISES INC., a New York Business Corporation; CAMILLE GNOLFO, Individually,

    Defendant.

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, LAWRENCE FELTZIN, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant(s), CAMGNO ENTERPRISES INC. and CAMILLE GNOLFO, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Lawrence Feltzin, is an individual residing in Boynton Beach, Florida, in the County of Palm Beach.

2. Defendant's property, IHOP Store #4621, is located at 4870 Sunrise Highway, Massapequa, NY 11762, in the County of Nassau.

3. Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

5. Plaintiff Lawrence Feltzin is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Feltzin is a paraplegic, and uses a wheelchair to ambulate.

6. Lawrence Feltzin has visited the property which forms the basis of this lawsuit. Mr. Feltzin is originally from Nassau County and regularly visits the area near Defendant's restaurant to visit friends, and to enjoy other retail establishments. While visiting the property, the Plaintiff encountered architectural barriers at the subject property, which endangered his safety and impaired Mr. Feltzin's ability to park safely at the premises, to access the premises safely, to use restrooms safely, and to access goods and services at the premises.

7. Mr. Feltzin plans to return to the property once the barriers to access are corrected and the facility becomes fully accessible, so that Mr. Feltzin may avail himself of the goods and services offered to the public at the property.

8. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, is a restaurant known as IHOP Store #4621, and is located at 4870 Sunrise Highway, Massapequa, NY 1176, in the County of Nassau.

9. Lawrence Feltzin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

in violation of the ADA by the Defendant. Mr. Feltzin travels to New York to visit with friends and family who reside in New York. Lawrence Feltzin desires to visit the IHOP Store #4621 not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the IHOP Store #4621 has shown that violations exist. These violations that Mr. Feltzin has personally observed or encountered include, but are not limited to:

**Parking and Exterior Accessible Route**

a) Parking spaces provided by IHOP are not maintained, lack adequate access aisles and are not on the closest most direct route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.

b) Accessible parking provided by IHOP leads to an improper curb ramp, violating Sections 402 and 406 of the 2010 Accessibility Standards.

c) Parking provided at IHOP fails to provide a safe accessible route from the parking area to the entrance, violating Section 502 of the 2010 Accessibility Standards. Mr. Feltzin is forced to travel through slopes and changes of level to reach the entrance.

d) The exterior accessible route at IHOP was found to contain cross slopes, abrupt changes of level and curb ramps with excessive slopes, those in wheelchairs can be harmed by these conditions, violating Sections 403.4 and 402 of the 2010 Accessibility Standards.

e) IHOP fails to provide a compliant accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Accessibility Standards.

### Access to Goods and Services

f) IHOP fails to provide an interior or exterior accessible table, violating Section 902 of the 2010 Accessibility Standards.

g) While entering areas at IHOP Mr. Feltzin was impeded by a lack of maneuvering clearance at the door, violating section 404 of the 2010 Accessibility Standards.

### Restrooms

h) IHOP provides restroom doors with improper door hardware and a lack of latch side clearance impeded Mr. Feltzin's maneuvering clearance while exiting, violating Section 404 of the 2010 Accessibility Standards.

i) IHOP provides water closets with flush controls mounted on the wall side and improper centerlines, violating Section 604 of the 2010 Accessibility Standards.

j) Lavatories provided at IHOP are mounted improperly and lack accessibility, violating Section 606 of the 2010 Accessibility Standards.

12. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided

by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered

portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendants is not required as a result of the Defendants failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the IHOP Store #4621 to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that

the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to

make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such

6

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

   d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: 9/27, 2016

Respectfully submitted,

Asaad K. Siddiqi, Esq. (AS-9150)
MCCUSKER ANSELMI ROSEN CARVELLI
210 Park Avenue South, Suite 301
Florham Park, NJ 07932
973-635-6300 - Tel
973-635-6363 - Fax
asiddiqi@marc.law

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

Attorneys for Plaintiff